**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| 6803 BOULEVARD EAST, LLC, 728 KEARNY AVENUE, LLC, and 131-133 68TH LLC, individually and on behalf of all others similarly situated, | : : : : | **OPINION** |
| | : | Civ. No. 12-cv-2657 (WHW) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| DIRECTV, INC., | : | |
| | : | |
| Defendant. | : | |

**Walls, Senior District Judge**

Plaintiff landlords assert, as a putative class action, that DIRECTV, Inc. (DIRECTV) trespassed by installing satellite dishes on the roofs and outside walls of their buildings without their consent. DIRECTV moves to dismiss or, in the alternative, to strike Plaintiffs' class action allegations and claims for punitive damages and declaratory and injunctive relief.  Plaintiffs oppose the motion to dismiss or strike their class action allegations and move to amend their complaint to eliminate their claims for punitive damages and declaratory and injunctive relief. Defendant does not object to Plaintiffs' cross-motion to amend their complaint. Defendant's reply brief argues that the amended complaint's class allegations should still be stricken or dismissed. The Court will rule on the papers without oral argument under Fed. R. Civ. P. 78. Plaintiffs' cross-motion to amend is granted, and Defendant's motion to dismiss or strike the class allegations is denied.

1

**NOT FOR PUBLICATION**

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are landlords who own and lease residential multiple dwelling unit rental properties (MDUs) in New Jersey. They brought a putative class action complaint in the Superior Court of New Jersey, Law Division: Hudson County against DIRECTV, which was removed to this Court. They allege that Defendant installed satellite equipment in common areas of their MDUs without their consent. The original complaint sought damages for trespass as well as declaratory and injunctive relief.

DIRECTV moved to dismiss or strike the class action claims as well as Plaintiffs' claims for punitive damages and declaratory and injunctive relief. Plaintiffs' opposed the motion to dismiss or strike their class action claims. They also cross-moved to amend their complaint to eliminate the claims for punitive damages and declaratory and injunctive relief. Defendant does not object to the cross-motion to amend the complaint.

## STANDARD OF REVIEW

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss for failure to state a claim, the question is "not whether a plaintiff will ultimately prevail." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). The question is whether the plaintiffs should be given the opportunity to offer evidence to support their claims. Id.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A defendant may move to strike class action allegations prior to discovery in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." Clark v. McDonald's Corp., 213 F.R.D. 198, 205 n. 3 (D.N.J. 2003). Motions to strike are "not favored

**NOT FOR PUBLICATION**

and usually will be denied unless the allegations have no possible relation to the controversy and

may cause prejudice to one of the parties, or if the allegations confuse the issues." Tonka Corp.

v. Rose Art Indus., Inc., 836 F. Supp. 200, 217 (D.N.J. 1993) (citation omitted).

## DISCUSSION

Generally courts do not consider whether a proposed class meets the Fed. R. Civ. P. 23

class requirements until after plaintiffs move for class certification. Defendant argues that in this

case the Plaintiffs' class claims should be dismissed at this early stage. This is not one of the rare

cases "where the complaint itself demonstrates that the requirements for maintaining a class

action cannot be met." Landsman & Funk PC v. Skinder-Strauss Associates, 640 F.3d 72, 93

n.30 (3d Cir. 2011) (ruling on whether the class could potentially fit within Rule 23 determined

on a motion to dismiss was premature).

The Amended Complaint seeks to define the class as:

> All persons and/or entities ("Landlords") that own and lease residential multiple
> dwelling unit rental properties ("MDU's") in the State of New Jersey, upon which
> DIRECTV or its agents have, on at least one occasion during the applicable
> statutory period, without first receiving prior written or verbal Landlord
> authorization and/or permission, installed DIRECTV equipment on the roof
> and/or exterior walls of said MDU.

Am. Compl. ¶ 37. Defendant argues that this class can never be certified because whether

DIRECTV has received prior Landlord authorization is not susceptible to common proof.

Plaintiffs respond that commonality and typicality requirements are met when a

defendant engages in a standardized course of conduct. Defendant also argues that the

class is not ascertainable because the question of authorization requires inquiry into the

merits of the case. The Court agrees with Plaintiffs that these issues are premature and

insufficient to defeat class claims at this stage.

3

**NOT FOR PUBLICATION**

In <u>Landsman</u>, the Third Circuit reversed the district court's dismissal of class action claims when "there had been no motion for class certification and no discovery …." <u>Id.</u> at 93. The court explained that "whether the class could potentially fit within Rule 23 was determined on a motion to dismiss. This ruling was premature." <u>Id.</u> <u>Landsman</u> involved claims that defendants sent faxes to the class of plaintiffs without their consent. The district court held that the class could not meet Fed. Rule Civ. P. 23's typicality or predominance requirements because "there were too many 'crucial factual determinations to be made with respect to claims and defenses that will vary from party to party,' in particular, consent to receive faxes …." <u>Id.</u> at 93. The Third Circuit responded that "it is not clear that, as a matter of law, differences regarding consent are sufficient to defeat class certification." <u>Id.</u> at 94.

DIRECTV urges the Court to follow a similar path to the one <u>Landsman</u> disavowed.  It asks the Court to dismiss class action claims on the basis that individualized questions of consent defeat predominance. The Court declines to follow that path and leaves class certification arguments to a later date.

**CONCLUSION**

The Defendant's motion to dismiss or strike the Plaintiffs' class allegations under Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(f) is denied. Plaintiffs' motion to amend their complaint is granted.

**/s William H. Walls**
United States Senior District Judge

4