## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| 6803 BOULEVARD EAST, LLC, 728 KEARNY AVENUE, LLC, and 131-133 68th LLC, individually and on behalf of all others similarly situated, | : : : : : | **OPINION** Civ. No. 2:12-cv-02657 (WHW) |
| Plaintiffs, | : : | |
| v. | : : | |
| DIRECTV, LLC, DIRECTECH HOLDING CO., INC., and DIRECTSAT USA, LLC, | : : : | |
| Defendants. | : : | |

**Walls, Senior District Judge**

Defendant DirecTECH Holding Co., Inc. ("DirecTech") moves for summary judgment on Plaintiffs' claims that DirecTech installed satellite equipment in common areas of their multiple dwelling unit rental properties (MDUs) in New Jersey without their consent. Under Federal Rule of Civil Procedure 78, the motion is decided without oral argument. DirecTech's motion for summary judgment is granted.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are landlords who own and lease residential MDUs in New Jersey. Second Am. Compl. ¶ 1 (ECF No. 37). They brought a putative class action complaint in the Superior Court of New Jersey, Law Division: Hudson County against DIRECTV, which was removed to this Court. ECF No. 1. They allege that Defendants installed satellite equipment in common areas of their MDUs without their consent. Second Am. Compl. ¶ 1.

On July 31, 2012, the Court issued an opinion and order denying defendant DIRECTV, LLC's motion to dismiss or strike the class action claims. ECF Nos. 22, 23. The Court also granted Plaintiffs' motion to amend the complaint. *Id.* The complaint was subsequently amended for a second time on November 21, 2012, ECF No. 37, and discovery has been ongoing.

DirecTech filed the present motion on January 10, 2014, arguing that the undisputed facts show that DirecTech never installed any equipment on any of the named Plaintiffs' properties, meaning that the named Plaintiffs lack standing to maintain claims individually or as class representatives against DirecTech. DirecTech's Mem. of Law in Support of its Mot. for Summ. J. ("DirecTech's Mot. for Summ. J.") at 1 (ECF No. 101-1). Plaintiffs agree that the "undisputed facts establish that DirecTECH never installed any satellite dishes on plaintiffs' MDUs." Pls.' Mem. of Law in Opp'n to DirecTech's Mot. for Summ. J. ("Pls.' Opp'n") at 1 (ECF No. 104).

Notwithstanding, Plaintiffs argue that the "juridical link doctrine . . . recognizes [a] scenario[] where a putative class action plaintiff may be able to prosecute a class action against a defendant that did not injure the plaintiff: . . . 'instances in which all defendants are juridically related in a manner that suggests a single resolution of the dispute would be expeditious.'" *Id.* at 6 (quoting *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 465-66 (9th Cir. 1973)). DirecTech responds that "plaintiffs' arguments are misguided, focus on class certification issues, and ignore the requirement that a plaintiff who seeks to assert claims on behalf of a class against a defendant must have suffered an injury at the hands of that defendant." DirecTech's Reply Br. to Pls.' Opp'n to DirecTech's Mot. for Summ. J. ("DirecTech's Reply") at 1-2 (ECF No. 109).

**STANDARD OF REVIEW**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**DISCUSSION**

DirecTech moves for summary judgment, arguing that the named Plaintiffs lack standing to pursue claims against it individually or on behalf of a class. Plaintiffs do not contest DirecTech's factual assertions, but instead argue that a legal doctrine – the juridical link doctrine – provides them with standing and that issues of material fact exist with regard to whether the requirements of this route to standing are satisfied. The question of whether the juridical link doctrine offers Plaintiffs a way to satisfy the standing requirement is a purely legal one, making its determination appropriate at this stage. Further development of the facts urged by Plaintiffs would be unnecessary and futile.

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.' One essential aspect of this requirement is that any person invoking the power of a federal court must demonstrate standing to do so." *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013) (quoting U.S. Const. art. III, § 2). The Supreme Court has explained that "the irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 560-61 (internal citations and quotation marks omitted). "That a suit may be a class action . . . adds nothing to the question of standing," because "even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976)).

In *La Mar v. H & B Novelty & Loan Co.*, the Ninth Circuit addressed "whether a plaintiff having a cause of action against a single defendant can institute a class action against the single defendant and an unrelated group of defendants who have engaged in conduct closely similar to that of the single defendant on behalf of all those injured by all the defendants sought to be included in the defendant class." 489 F.2d 461, 462 (9th Cir. 1973). The court concluded that the plaintiff could not bring such an action. *Id.* The Ninth Circuit reasoned that although "the plaintiff may represent all those suffering an injury similar to his own inflicted by the defendant responsible for the plaintiff's injury," a plaintiff "cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action and from whose hands he suffered no injury." *Id.*

The court explicitly decided the case under Federal Rule of Civil Procedure 23, and *not* on standing grounds. *Id.* at 464 ("[U]nder a proper application of Rule 23 of the Federal Rules of Civil Procedure, the plaintiffs here are not entitled to bring a class action against defendants with whom

4

they had no dealing. That is, for the purposes of these appeals, we are prepared to assume the presence of standing. Our assumption is not intended to foreclose the issue."). The Ninth Circuit found that in the usual case – and the one before it – neither the requirements of typicality nor adequacy would be met. *Id.* at 465-66. The court explained that its reasoning was not "intended to apply in instances in which all defendants are juridically related in a manner that suggests a single resolution of the dispute would be expeditious." *Id.* at 466. This exception to the Ninth Circuit's rule has become known as the juridical link doctrine.

Plaintiffs ask this Court to apply the juridical link doctrine to satisfy the *standing* requirement of Article III, despite the fact that the doctrine arose in the context of Rule 23. The Court finds no sound basis for extending the doctrine as Plaintiffs request. The scant Third Circuit case law on point rejects applying the juridical link doctrine in this circumstance. And while there is some support in other circuits for utilizing the juridical link doctrine to satisfy the standing requirements, this Court agrees with the more recent rejection of those approaches by the Second Circuit in a persuasive opinion on the issue.

In *Haas v. Pittsburgh Nat. Bank*, the Third Circuit distinguished *La Mar*. The *Haas* named plaintiff had two claims against the defendant and sought to represent a class against that defendant with respect to those two claims and a third, closely related claim as to which the named plaintiff did not have standing. 526 F.2d 1083, 1088 (3d Cir. 1975) ("Whereas in *La Mar* the representative plaintiffs asserted no cause of action against the dismissed defendants, here Haas had claims against Mellon Bank for other violations of the National Bank Act."). The Third Circuit made clear that the named plaintiff needed to have standing as to *some* claim against the particular defendant. The court wrote: "We believe that, where no nominal plaintiff has standing on any issue against

one of multiple defendants, a suit for damages may not be maintained as a class action against that defendant." *Id.* at 1095.

Recently, in *Mahon v. Ticor Title Ins. Co.*, the Second Circuit addressed an "attempt, based on the juridical link doctrine, to bring a class action against non-injurious defendants." 683 F.3d 59, 63 (2d Cir. 2012). The court reviewed the *La Mar* decision and its reasoning, and wrote:

> Decisions adopting the juridical link doctrine in *La Mar*'s wake have generally dealt with the Article III standing issue in one of two ways – or ignored it altogether. First, a number of decisions have merged the issue with the Rule 23 analysis, concluding that a plaintiff entitled under the juridical link doctrine to represent a class against non-injurious defendants has Article III standing to sue the non-injurious defendants. Other decisions have maintained the distinction between class certification and Article III standing, but have held that a court should decide class certification first and treat the class as a whole as the relevant entity for Article III purposes.

*Id.* (citations omitted). The Second Circuit found both of these approaches "flawed," *id.* at 64, as does this Court. As that court explained, "whether or not Rule 23 would permit a plaintiff to represent a class against non-injurious defendants cannot affect the plaintiff's Article III standing to sue the non-injurious defendants. A federal rule cannot alter a constitutional requirement." *Id.* This is because "[i]n no event . . . may Congress abrogate the Art. III minima: A plaintiff must always have suffered a distinct and palpable injury to himself . . . that is likely to be redressed if the requested relief is granted." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 100 (1979) (citation and quotation marks omitted).

The Second Circuit also rejected the approach of deciding class certification first and then evaluating whether the class as a whole has standing. The court pointed to the Seventh Circuit's decision in *Payton v. Cnty. of Kane*, 308 F.3d 673, 681-82 (7th Cir. 2002) as the clearest example of that approach. The Seventh Circuit had relied on the Supreme Court decision *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999), in which the Court wrote: "the class certification

6

issues are . . . logically antecedent to Article III concerns, and themselves pertain to statutory standing, which may properly be treated before Article III standing. Thus the issue about Rule 23 certification should be treated first." (citations omitted). Rather than view this language as a directive to always assess class certification issues first, the Second Circuit explained, "[W]e think the Court's 'logical antecedence' language is relevant when resolution of class certification obviates the need to decide issues of Article III standing. We do not read it, as the *Payton* court did, as instructing courts to always treat class certification first and to treat the class as the relevant entity for Article III purposes." *Mahon*, 683 F.3d at 65.

This Court finds the Second Circuit's analysis persuasively compelling and rejects an approach that would allow plaintiffs to use the juridical link doctrine – developed in the Rule 23 context – to circumvent the constitutional Article III requirement that they demonstrate standing as to each defendant. The Court determines the juridical link doctrine inapplicable to the factual circumstances of this case – where no named plaintiff can demonstrate *any* injury at the hands of the particular defendant that challenges standing. Because the parties agree that no named plaintiff has suffered injury at the hands of DirecTech, no named plaintiff has standing to pursue claims against DirecTech. The named Plaintiffs may not represent a class against DirecTech. The Court grants DirecTech's motion for summary judgment. An appropriate order follows.


Date: April 8, 2014



                                                              **/s/ William H. Walls**
                                                              United States Senior District Judge